1  ROBERT R. RONNE, ESQ. (SBN 092884)
   **LAW OFFICES OF ROBERT R. RONNE, APC**
2  840 Apollo Street, Suite 307
   El Segundo, California 90245
3  Telephone: (310) 322-1696
   Facsimile: (310) 322-3039
4  E-mail: rrr55@sbcglobal.net

5  DENNIS W. RIHN, ESQ. (SBN 126233)
   **ATTORNEY AT LAW**
6  215 N. Marengo Avenue, Suite 376
   Pasadena, CA 91101
7  Telephone: (818) 265-0525
   Facsimile: (626) 396-1555
8  E-mail: D.Rihn@Att.Net

10 Attorneys for Plaintiffs

FILED 2011 JUN -9 PM 3:24 CLERK U.S. DISTRICT COURT CENTRAL DIST OF CALIF. SANTA ANA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO GABAYAN, ELVA GABAYAN,<br><br>Plaintiffs,<br><br>vs.<br><br>DUPONT RESIDENTIAL CARE, INC.; JACQUELINE DUPONT,<br><br>Defendants. | CASE NO. SACV 11-00865 DOC (MLGx)<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1) **FAILURE TO PAY MINIMUM WAGE AND OVERTIME COMPENSATION** (*Fair Labor Standards Act*);<br><br>2) **FAILURE TO PAY OVERTIME COMPENSATION, AND RELATED RELIEF** (Including California *Labor Code* Section 1194).<br><br>3) **UNFAIR COMPETITION** (*Business and Professional Code* Section 17200). |

Plaintiffs GERARDO GABAYAN and ELVA GABAYAN allege as follows:

///

-1-
Complaint

## JURISDICTION & VENUE

1. . This action involves claims brought under the Fair Labor Standard Act ("FLSA"), which present a federal question (see generally 29 USCA, Section 216 (b)) over which this court has original jurisdiction under 28 USCA Section 1131. This court is permitted, at its discretion, to adjudicate the state claims alleged. (28 USCA Section 1367).

2. A defendant resides within the Central District of California, Plaintiffs are informed and believe. Venue is proper under 28 USCA Section 1391.

## THE PARTIES

3. Defendant DUPONT RESIDENTIAL CARE, INC. is, Plaintiffs are informed and believe, a California corporation, with its principal place of business in Orange County, California, and was a joint employer of Plaintiffs.

4. Defendant JACQUELINE DUPONT (utilizing that name, or various aliases, including, but not limited to, Jacqueline Baum; Jacqueline Dupont- Baum; Jacqueline Lehn; and "Jackie" Dupont), is an individual who has financial and/or operational control over any entity defendants, or who has authority to act for them in relation to the work of Plaintiffs; or is one who exercised control over the wages, hours or working conditions of Plaintiffs, or suffered or permitted Plaintiffs to work, or engaged Plaintiffs; or who has or had at all relevant times an interest in fact or law in each of the facility operations, and was a joint employer of Plaintiff.

5. Defendants operate business entities, including defendant DUPONT RESIDENTIAL CARE, INC., all of which are jointly liable to Plaintiff. The operations of defendants utilize a variety of legal (or fictitious) names and aliases (all of which are referred to collectively as the "facility" or "facilities"). Such names used by defendants for the facilities may include, but not be limited to: Irvine Cottage III; Irvine Cottage IV; Irvine Cottage V; Irvine Cottage VI; Irvine Cottage # 8; Irvine Cottage No. 9; Irvine Cottage # 10; Irvine Cottage No. 11; Irvine Cottage; Doctor's House Calling Inhome Care; Ionspec Corporation; and Irvine Cottage -

M.V. As such facilities are not completely disassociated from one another, the facilities operated by defendants are a common, or joint enterprise, constituting a single integrated business entity.

## PRELIMINARY ALLEGATIONS

6. Said facilities of defendants are licensed and regulated by the State of California, and pursuant thereto, hire labor (commonly called "caregivers") for the purpose of caring for the sick, the aged, the mentally ill or defective, which sick, aged, mentally ill or defective persons reside on the premises of such facilities.

7. Plaintiffs were caregivers at the facilities of defendants, and thus were employees of all defendants.

8. Plaintiffs are informed and believe and thereupon allege that there exists, and at all times relevant to this complaint there existed a unity of interest and ownership between any corporate defendants and non-corporate defendants such that any individuality and separateness between said defendants has ceased. Plaintiffs are further informed and believe, and thereupon allege that if the acts of the defendant entities are treated as those of the entity alone, an inequitable result would follow. As to any defendants which are corporate or entity defendants, it is fair and equitable to permit piercing the corporate veil.

9. In addition, the actions of defendants, and each of them, in failing to pay Plaintiffs the wages owed, as alleged herein, is the result of an intentional and deliberate scheme, designed to deprive and defraud Plaintiffs of their overtime and minimum wages earned. Said actions by defendants, and each of them, constitute willful and malicious injury to Plaintiffs.

## FIRST CAUSE OF ACTION
## FOR FAILURE TO PAY MINIMUM WAGE AND OVERTIME,
## AND WAGE AND HOUR VIOLATIONS
## (FAIR LABOR STANDARDS ACT)
## (PLAINTIFFS AGAINST ALL DEFENDANTS)

10. Plaintiffs re-allege and incorporate herein by this reference each of the preceding paragraphs.

11. All of said defendants fall within the coverage of the FLSA as they are engaged in the operation of institutions (here, the facilities) which primarily care for either the sick, the aged, the mentally ill or defective, which sick, aged, mentally ill or defective persons reside on the premises of such facilities.

12. Beginning approximately on September 28, 2007, and continuing to about May 18, 2011, Plaintiff Gerardo Gabayan rendered caregiver services for the benefit of defendants, and each of them. Beginning approximately on October 1, 2007, and continuing to around January 24, 2011, Plaintiff Elva Gabayan rendered caregiver services for the benefit of defendants, and each of them.

13. Pursuant to the provisions of the FLSA, Plaintiffs had the right to be paid minimum wage for every hour of labor, plus the right to be paid one and a half times their regular hourly rate for all hours worked in excess of 40 during a week.

14. During their employment, defendants required and permitted Plaintiffs to work hours in excess of 40 per week. Plaintiffs were not properly compensated by defendants for all "hours worked" in that Plaintiffs were not paid the minimum wage for the first 40 hours of work each week, nor were they paid at required "premium rates" for all hours worked in excess of 40.

15. Pursuant to Section 216 of the FLSA, Plaintiffs are entitled to recover the full amount of unpaid minimum wage and overtime compensation owing in an amount estimated to exceed $110,000.00, each, for a total of $220,000.00, and subject to more precise proof at the time of trial.

16. In addition, because defendants violated Sections 206 and 207 of the FLSA, pursuant to Section 216 of same, Plaintiffs are entitled to a doubling of the full amount of unpaid minimum wage and overtime compensation in an additional amount of $110,000.00, each, for a total of $220,000.00 additional, for a total doubled amount for all Plaintiffs of $440,000.00, and subject to more precise proof

Complaint

at the time of trial.

17. In addition, Plaintiffs are entitled to reasonable attorney's fees in an amount to be proved according to law. In addition, Plaintiffs are entitled to prejudgment interest and costs of suit.

## SECOND CAUSE OF ACTION
## (FOR WAGE AND HOUR VIOLATIONS, INCLUDING CALIFORNIA LABOR CODE SECTION 1194)
## (PLAINTIFFS AGAINST ALL DEFENDANTS)

18. Plaintiffs re-allege and incorporate herein by this reference each of the preceding paragraphs.

19. Pursuant to the provisions of the California Labor Code, including *Labor Code* Sections 510 and 1194, and regulations adopted by the California Department of Industrial Relations, Plaintiffs had the right to be paid properly for every hour of labor.

20. In violation of such laws and regulations, defendants, and each of them failed to pay Plaintiffs overtime owed, in an amount believed to exceed $250,000.00, each Plaintiff, for a total amount owed, by defendants and each of them, for all Plaintiffs of in excess of $500,000.00, an more precisely according to proof.

21. In addition, Plaintiffs are entitled to those recoveries allowed by law as follows:

    (A) Pursuant to *Labor Code* Section 203, Plaintiffs were entitled to receive at the termination of their employment all accrued but unpaid wages for all hours labored, including overtime compensation. Because defendants, and each of them failed to pay such wages, Plaintiffs are entitled to continuing wages set forth in *Labor Code* Section 203 in an amount estimated to be in excess of $1,920.00 each.

    (B) Defendants, and each of them, were obligated under *Labor Code*

Section 226 and regulations of the Industrial Welfare Commission of the State of California, to keep accurate records of Plaintiffs' hours of labor, and to prepare and submit to Plaintiffs at least twice per month an itemized statement accurately showing the total hours worked by Plaintiffs. Defendants, and each of them, failed to keep accurate records of Plaintiffs' hours of labor, and further failed to timely provide accurate itemized wage statements as required by such statute. Accordingly, Plaintiffs are entitled to damages pursuant to *Labor Code* Section 226, in a maximum amount of $4,000.00 each.

22. In addition, Plaintiffs are entitled to interest on unpaid amounts owing in an amount to be proved at trial. Further, Plaintiffs are entitled to reasonable attorney's fees, which are hereby specifically demanded, in an amount to be proved according to law.

23. In addition, Plaintiffs are entitled to costs of suit.

**THIRD CAUSE OF ACTION**

**(FOR RESTITUTION UNDER BUSINESS AND PROFESSIONS CODE SECTION 17200; LABOR CODE SECTION 226; AND RELATED SECTIONS PLAINTIFFS AGAINST ALL DEFENDANTS)**

24. Plaintiffs re-allege and incorporate herein by this reference each of the preceding paragraphs.

25. Under California *Business and Professions Code*, §§ 17200, et seq., Defendants, and each of them, are obligated to refrain from engaging in unfair business practices. Further, under a group of laws now commonly referred to as the "Unfair Competition Laws," Defendants, and each of them, are obligated to comply with the law, and avoid improper, illegal, and unethical activity which would constitute a violation of the Unfair Competition Laws which directly harmed Plaintiffs.

26. Defendants, and each of them, on multiple occasions, and in multiple instances, engaged in such conduct prohibited by the Unfair Competition Laws, and engaged in a course of illegal business practices including, Plaintiffs are informed and believe, but not limited to, the following:

    (a) By failing to pay Plaintiffs overtime and minimum wages which Defendants knew, or should have known, to be due and owing:

    (b) By improperly calculating, and therefore not providing to Plaintiffs, wages for overtime and minimum wages owed;

    (c) By not keeping accurate time records required by law, including in violation of *Labor Code* Section 226, for Plaintiffs;

    (d) By failing to provide accurately all of the information legally required on what are commonly referred to as "pay stubs" to Plaintiffs, as mandated by *Labor Code* Section 226;

    (e) By converting funds to their own use which were Plaintiffs' wages.

27. Plaintiffs request relief for said violations, including entry by this Court of an injunction, requiring Defendants, and each of them, to:

    a) Provide full, complete, and accurate pay stubs required by law;

    b) Hold in trust all amounts received by Defendants, and each of them, which should have been paid to Plaintiffs for their overtime wage earned.

28. Defendants, and each of them, pursuant to such unlawful, unfair and deceptive practices, have enriched themselves at the expense of innocent victims, including, but not limited to, Plaintiffs, and have gained an unfair advantage over law-abiding employers. Defendants, and each of them, should therefore be ordered to restore to the Plaintiffs those amounts they are entitled to receive. Said amounts include, but are not limited to, all overtime and minimum wage compensation not captured under any other law, all amounts outside of the statute of limitation of the

statutory (federal or state) claims, and amounts not otherwise awarded for any reason, all in those amounts proved at trial.

## PRAYER

WHEREFORE, Plaintiffs pray judgment be entered in their favor and against Defendants, and each of them as follows:

1. For all damages permitted under the FLSA for Plaintiff GERARDO GABAYAN, including unpaid minimum wage and overtime of at least $110,000.00, doubled to $220,000.00, and more precisely according to proof at trial;

2. For all damages permitted under the FLSA for Plaintiff ELVA GABAYAN, including unpaid minimum wage and overtime of at least $110,000.00, doubled to $220,000.00, and more precisely according to proof at trial;

3. For unpaid overtime compensation under California law for Plaintiff GERARDO GABAYAN in the approximate amount of $250,000.00, and subject to more precise proof at the time of trial;

4. For unpaid overtime compensation under California law for Plaintiff ELVA GABAYAN in the approximate amount of $250,000.00, and subject to more precise proof at the time of trial;

5. For continuing wages pursuant to *Labor Code* Section 203 in an amount of at least $1,920.00, each Plaintiff, and more precisely according to proof;

6. For damages pursuant to *Labor Code* Section 226 in an amount of a maximum of $4,000.00, each Plaintiff, and more precisely according to proof;

7. For prejudgment interest according to law, believed to be over

$75,000.00;

8. For equitable relief, and restitution, for each Plaintiff, according to proof;

9. For costs of suit, and for attorney's fees as provided by law, and;

10. For such other and further relief as the Court may deem appropriate.

Respectfully Submitted:

**LAW OFFICES OF ROBERT R. RONNE, APC**

BY: ROBERT R. RONNE,
Attorney for Plaintiffs
Gerardo Gabayan and
Elva Gabayan.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

**SACV11- 865 DOC (MLGx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:

ROBERT R. RONNE
LAW OFFICES OF ROBERT R. RONNE, APC
840 Apollo Street, Suite 307
El Segundo, California 90245

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO GABAYAN, ELVA GABAYAN, <br><br> PLAINTIFF(S) <br> v. <br><br> DUPONT RESIDENTIAL CARE, INC.; <br> JACQUELINE DUPONT, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> SACV 11-00865 DOC (MLGx) <br><br> SUMMONS |

TO:   DEFENDANT(S): <u>DUPONT RESIDENTIAL CARE, INC.; JACQUELINE DUPONT</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Robert R. Ronne</u>, whose address is <u>840 Apollo Street, Suite 307, El Segundo, California 90245</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __JUN -9__        By: __NANCY K BOEHME__
                             Deputy Clerk
                             (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| GERARDO GABAYAN, ELVA GABAYAN, | DUPONT RESIDENTIAL CARE, INC.; JACQUELINE DUPONT, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| ROBERT R. RONNE  (310) 322-1696<br>LAW OFFICES OF ROBERT R. RONNE, APC<br>840 Apollo Street, Suite 307, El Segundo, California 90245 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 440,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 USCA Section 216, minimum wage and overtime under Fair Labor Standard Act.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☒ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | | | ☐ 610 Agriculture | |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| | | | ☐ 442 Employment | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

FOR OFFICE USE ONLY:   Case Number:   **SACV 11-00865 DOC (MLGx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)     CIVIL COVER SHEET     Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE COUNTY | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE COUNTY | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE COUNTY | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_   Date June 8, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |