1  ROBERT R. RONNE, ESQ. (SBN 092884)
   LAW OFFICES OF ROBERT R. RONNE, APC
2  840 Apollo Street, Suite 307
   El Segundo, California 90245
3  Telephone: (310) 322-1696
   Facsimile: (310) 322-3039
4  E-mail: rrr55@sbcglobal.net

5  DENNIS W. RIHN, ESQ. (SBN 126233)
   ATTORNEY AT LAW
6  215 N. Marengo Avenue, Suite 376
   Pasadena, CA 91101
7  Telephone: (818) 265-0525
   Facsimile : (626) 396-1555
8  E-mail: D.Rihn@Att.Net

9  Attorneys for Plaintiffs Gerardo Gabayan
   and Elva Gabayan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO GABAYAN ans ELVA GABAYAN, <br><br> Plaintiffs, <br><br> vs. <br><br> DUPONT RESIDENTIAL CARE, INC. and JACQUELINE DUPONT, <br><br> Defendants. | CASE NO. SACV 11-00865 DOC (MLGx) <br><br> FIRST AMENDED COMPLAINT FOR DAMAGES: <br><br> 1) FAILURE TO PAY MINIMUM WAGE AND OVERTIME COMPENSATION (*Fair Labor Standards Act*); <br><br> 2) FAILURE TO PAY OVERTIME COMPENSATION AND RELATED RELIEF (Including California *Labor Code* Section 1194); and <br><br> 3) UNFAIR COMPETITION (*California Business and Professional Code* Section 17200). |

-1-

First Amended Complaint

1  Plaintiffs GERARDO GABAYAN and ELVA GABAYAN allege as follows:

**JURISDICTION & VENUE**

1. This action involves claims brought under the Fair Labor Standard Act ("FLSA") and thus presents a federal question over which this court has original jurisdiction. (See 29 U.S.C. § 216 (b) & 28 U.S.C. § 1131.) This court is permitted, in its discretion, to adjudicate the state claims alleged. (See 28 U.S.C. § 1367.)

2. Plaintiffs are informed and believe that a defendant resides within the Central District of California. Venue is thus proper in this Court. (See 28 U.S.C. § 1391.)

**THE PARTIES**

3. Defendant DUPONT RESIDENTIAL CARE, INC. is a California corporation with its principal place of business in Orange County, California. At all times relevant to this action, DUPONT RESIDENTIAL CARE, INC. was Plaintiffs' joint employer.

4. Defendant JACQUELINE DUPONT (also known as Jacqueline Baum, Jacqueline Dupont- Baum, Jacqueline Lehn and Jackie Dupont) is an individual who at all times relevant to this action had financial and/or operational control over the entity defendants and authority to act for the entity defendants in relation to the employment of Plaintiffs. In addition, Defendant JACQUELINE DUPONT exercised control over the wages, hours and/or working conditions of Plaintiffs, suffered and/or permitted Plaintiffs to work, and/or engaged Plaintiffs to work. At all times relevant to this action, Defendant JACQUELINE DUPONT was thus Plaintiffs' joint employer.

5. Defendants, and each of them, jointly operate numerous residential care facilities which utilize a variety of names, including, but not be limited to, Irvine Cottage, Irvine Cottage III, Irvine Cottage IV, Irvine Cottage V, Irvine Cottage VI, Irvine Cottage # 8, Irvine Cottage No. 9, Irvine Cottage # 10, Irvine Cottage No. 11, Irvine Cottage - M.V., Doctor's House Calling Inhome Care and Ionspec

-2-
First Amended Complaint

Corporation (hereinafter "the facilities"). The facilities are operated by Defendants for a common business purpose and are not completely disassociated from one another thus the business operations of Defendants, and each of them, constitute a common, joint enterprise and single integrated business entity.

## PRELIMINARY ALLEGATIONS

6. At all times relevant to this action, the business operations of Defendants constituted an enterprise which operated facilities, licensed and regulated by the State of California, which cared for the sick, the aged, the mentally ill or defective, which sick, aged, mentally ill or defective persons resided on the premises of such facilities, and/or which had employees who were otherwise engaged in commerce as defined by the FLSA.

7. Plaintiffs were employed as caregivers at one of the facilities owned and operated by Defendants and thus Plaintiffs were employees of Defendants, and each of them.

8. Plaintiffs are informed and believe and thereupon allege that there exists, and at all times relevant to this complaint there existed, a unity of interest and ownership between the corporate defendant and the non-corporate defendant such that any individuality and separateness between said defendants has ceased. Plaintiffs are further informed and believe, and thereupon allege that if the acts of the entity defendant were treated as those of the entity alone, an inequitable result would follow. Therefore, it is fair and equitable to permit piercing the corporate veil.

## FIRST CAUSE OF ACTION
## FOR FAILURE TO PAY MINIMUM WAGE AND OVERTIME,
## AND WAGE AND HOUR VIOLATIONS
## (FAIR LABOR STANDARDS ACT)
## (PLAINTIFFS AGAINST ALL DEFENDANTS)

9. Plaintiffs re-allege and incorporate herein by this reference each of the preceding paragraphs.

10. Defendants, and each of them, and the business operations of Defendants, and each of them, constitute an enterprise which falls within the coverage of the FLSA.

11. Beginning approximately on September 28, 2007, and continuing to about May 18, 2011, Plaintiff Gerardo Gabayan was employed by Defendants, and each of them, as a caregiver at a residential care facility for the elderly and pursuant to said employment rendered caregiver services for the benefit of defendants, and each of them. Beginning approximately on October 1, 2007, and continuing to about January 24, 2011, Plaintiff Elva Gabayan was employed by Defendants, and each of them, as a caregiver at a residential care facility for the elderly and pursuant to said employment rendered caregiver services for the benefit of defendants, and each of them.

12. Pursuant to the provisions of the FLSA, Plaintiffs had the right to be paid minimum wage for all "hours worked" plus the right to be paid 1.5 times their regular hourly rate for all "hours worked" in excess of 40 during a week.

13. During their employment, defendants required and permitted Plaintiffs' "hours worked" to exceed 40 per week.

14. Plaintiffs were not properly compensated by defendants for all "hours worked" in that Plaintiffs were not paid the minimum wage for the first 40 "hours worked" each week and were not paid at the required "premium rates" for all "hours worked" in excess of 40 per week.

15. Pursuant to the FLSA, Plaintiff Gerardo Gabayan is entitled to recover unpaid minimum wage and overtime compensation in an amount estimated to exceed $131,513.00. In addition, pursuant to the FLSA, Plaintiff Elva Gabayan is entitled to recover unpaid minimum wage and overtime compensation owing in an amount estimated to exceed $119,881.00.

16. In addition, because defendants violated Sections 206 and 207 of the FLSA, pursuant to Section 216 of the FLSA, Plaintiff Gerardo Gabayan is entitled to

recover liquidated damages in an amount estimated to exceed $131,513.00, and Plaintiff Elva Gabayan is entitled to recover liquidated damages in an amount estimated to exceed $119,881.00.

17. In addition, Plaintiffs are entitled to reasonable attorney's fees in an amount to be proved according to law.

18. In addition, Plaintiffs are entitled to prejudgment interest and costs of suit.

## SECOND CAUSE OF ACTION
## (FOR CALIFORNIA WAGE AND HOUR VIOLATIONS
## INCLUDING CALIFORNIA LABOR CODE SECTION 1194)
## (PLAINTIFFS AGAINST ALL DEFENDANTS)

19. Plaintiffs re-allege and incorporate herein by this reference each of the preceding paragraphs.

20. Pursuant to the provisions of the California Labor Code, including California Labor Code Sections 510 and 1194, and regulations adopted by the California Department of Industrial Relations, Plaintiffs had the right to be paid properly for all "hours worked."

21. In violation of California law, defendants, and each of them, failed to pay Plaintiff Gerardo Gabayan overtime compensation earned in an amount conservatively estimated to exceed $215,773.00. In addition, in violation of California law, defendants, and each of them, failed to pay Plaintiff Elva Gabayan overtime compensation she eared in an amount conservatively estimated to exceed $197,598.00.

22. In addition, Plaintiffs are entitled to those additional recoveries allowed by law as follows:

    (A) Pursuant to California Labor Code Section 226.7, and the applicable wage order of the Industrial Welfare Commission, Plaintiffs were entitled to be completely relieved of all duties for

-5-
First Amended Complaint

          meal periods 30 minutes in duration each five "hours worked." Because Plaintiff Gerardo Gabayan did not receive all the meal periods to which he was legally entitled, he is entitled to recover compensation for missed meal periods in an amount estimated to exceed $7,695.00. Because Plaintiff Elva Gabayan did not receive all the meal periods to which she was legally entitled, she is entitled to recover compensation for missed meal periods in an amount estimated to exceed $6,911.00.

(B)   Pursuant to Labor Code Section 203, Plaintiffs were entitled to receive at the termination of their employment all accrued but unpaid wages for all hours labored, including overtime compensation. Because defendants, and each of them failed to pay such wages, Plaintiffs are entitled to continuing wages set forth in *Labor Code* Section 203 in an amount estimated to be in excess of $1,920.00 each.

(C)   Defendants, and each of them, were obligated under *Labor Code* Section 226 and regulations of the Industrial Welfare Commission of the State of California, to keep accurate records of Plaintiffs' hours of labor, and to prepare and submit to Plaintiffs at least twice per month an itemized statement accurately showing the total hours worked by Plaintiffs. Defendants, and each of them, failed to keep accurate records of Plaintiffs' hours of labor, and further failed to provide accurate itemized wage statements as required by such statute. Accordingly, Plaintiffs are entitled to damages pursuant to Labor Code Section 226, in a maximum amount of $4,000.00 each.

23.   In addition, Plaintiffs are entitled to prejudgment interest on unpaid amounts owing in an amount to be proved at trial.

24. In addition, Plaintiffs are entitled to reasonable attorney's fees, which are hereby specifically demanded, in an amount to be proved according to law.

25. In addition, Plaintiffs are entitled to costs of suit.

## THIRD CAUSE OF ACTION

## (FOR RESTITUTION UNDER BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ.

## PLAINTIFFS AGAINST ALL DEFENDANTS)

26. Plaintiffs re-allege and incorporate herein by this reference each of the preceding paragraphs.

27. Pursuant to California Business and Professions Code §§ 17200 et seq., Defendants, and each of them, have at all times relevant to this action been obligated to refrain from engaging in unfair business practices. In addition, Defendants, and each of them, have at all times relevant to this action been obligated to comply with state and federal employment laws.

28. Defendants, and each of them, on multiple occasions, and in multiple instances, engaged in conduct prohibited by state and federal employment law, and engaged in a course of illegal business practices including, but not limited to, the following:

    (a) By failing to pay Plaintiffs overtime and minimum wages which Defendants knew, or should have known, to be due and owing under state and federal law:

    (b) By improperly calculating, and therefore not providing to Plaintiffs, wages for overtime and minimum wages owed under state and federal law;

    ( c) By not keeping accurate time records required by state and federal law, including in violation of Labor Code Section 226, for Plaintiffs;

    (d) By failing to provide accurately all of the information legally

required when wages were paid as mandated by Labor Code Section 226.

 (e) By converting funds to their own use which were Plaintiffs' wages.

29. Defendants, and each of them, pursuant to such unlawful, unfair and deceptive practices, have enriched themselves at the expense of innocent victims, including, but not limited to, Plaintiffs, and have gained an unfair advantage over law-abiding employers. Defendants, and each of them, should therefore be ordered to restore to the Plaintiffs those amounts they are entitled to receive pursuant to state and federal law. Said amounts include, but are not limited to, all overtime and minimum wage compensation not captured under any other law, all amounts outside of the statute of limitation of the statutory (federal or state) claims, and amounts not otherwise awarded for any reason, all in those amounts proved at trial.

## PRAYER

WHEREFORE, Plaintiffs pray judgment be entered in their favor and against Defendants, and each of them as follows:

1. For all damages permitted under the FLSA for Plaintiff GERARDO GABAYAN, including but not limited to, unpaid minimum wage and overtime of at least $131,513.00 (subject to more precise proof at the time of trial) plus, in addition, liquidated damages of at least $131,513.00 (subject to more precise proof at the time of trial); and

2. For all damages permitted under the FLSA for Plaintiff ELVA GABAYAN, including but not limited to, unpaid minimum wage and overtime of at least $119,881.00 (subject to more precise proof at the time of trial) plus, in addition, liquidated damages of at least $119,881.00 (subject to more precise proof at the time of trial); and

3. For unpaid overtime compensation under California law for Plaintiff GERARDO GABAYAN in an amount exceeding $215,773.00 (subject

-8-
First Amended Complaint

to more precise proof at the time of trial); and

4. For unpaid overtime compensation under California law for Plaintiff ELVA GABAYAN in an amount exceeding $197,598.00 (subject to more precise proof at the time of trial); and

5. For unpaid compensation for missed meal periods for Plaintiff GERARDO GABAYAN in an amount exceeding $7,695.00 (subject to more precise proof at the time of trial); and

6. For unpaid compensation for missed meal periods for Plaintiff ELVA GABAYAN in an amount estimated to exceed $6911.00 (subject to more precise proof at the time of trial); and

7. For continuing wages pursuant to Labor Code Section 203 in an amount of at least $1,920.00, each Plaintiff (subject to more precise proof at the time of trial); and

8. For damages pursuant to Labor Code Section 226 in an amount of a maximum of $4,000.00, each Plaintiff $197,598.00 (subject to more precise proof at the time of trial); and

9. For prejudgment interest according to law in an amount estimated to exceed $75,000.00;

10. For restitution, for each Plaintiff, according to proof;

11. For costs of suit, and for attorney's fees as provided by law, and;

12. For such other and further relief as the Court may deem appropriate.

Date: August 1, 2011                                    LAW OFFICE OF DENNIS W. RIHN

By: D.W.R.

DENNIS W. RIHN, ATTORNEY FOR
PLAINTIFFS GERARDO GABAYAN
AND ELVA GABAYAN